## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| PENNY VERKUILEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09 C 3527 |
| | ) | |
| MEDIABANK, LLC, JOHN BAUSCHARD, | ) | |
| and LINDA BRZEZINSKI, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

The parties to this action filed cross-motions for summary judgment.  On May 19, 2010, we issued a memorandum opinion and a judgment against the plaintiff and in favor of the defendants; the opinion and judgment were entered the next day.  On May 28, 2010, plaintiff filed a motion to reconsider our decision and to vacate the judgment and enter judgment in favor of plaintiff.  The motion is denied for the reasons explained below.

Plaintiff Penny Verkuilen brought this suit for unpaid overtime wages under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 et seq.  Defendants are Verkuilen's former employer, Mediabank, LLC ("Mediabank"); its Chief Operating Officer, John Bauschard; and its Vice President of Operations, Linda Brzezinski. The issues before us were whether the FLSA exempts Verkuilen from eligibility for overtime under the "administrative employee" and

"computer employee" provisions.  We held that although Verkuilen was not exempt as a computer employee, she was exempt as an administrative employee.

"Rule 59(e) allows a party to direct the district court's attention to newly discovered material evidence or a manifest error of law or fact, and enables the court to correct its own errors and thus avoid unnecessary appellate procedures.  The rule does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment."  Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996).  Verkuilen contends that in concluding that she was an administrative employee, we misapprehended the relevant facts of the case as well as the applicable law.

A.    **Relevant Facts**

1.    **Nature of Mediabank's Business**

One requirement of the "administrative employee" test is that the employee's primary duty be the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers.  29 C.F.R. § 541.200(a)(2).  To meet this requirement, defendants had to show that Verkuilen performed work directly related to assisting with the running or servicing of Mediabank's business, as distinguished

from, for example, working on a production line or selling products at retail. See 29 C.F.R. § 541.201(a). We concluded that because Verkuilen's primary duty was to act as a liaison between Mediabank and its customers, facilitating their use of Mediabank's software, and because she did not create Mediabank's software, she assisted in the servicing of its business and therefore met this requirement. We likened plaintiff's role to that of the plaintiff in Haywood v. North American Van Lines, Inc., 121 F.3d 1066 (7th Cir. 1997); Haywood was a consumer service coordinator for a shipping company whose primary role was to ensure quality service and prevent customer dissatisfaction. She represented her employer in its discussions with customers, and the Seventh Circuit concluded that her duties were ancillary to the shipping company's business of moving goods from one place to another and that her work satisfied the "directly related" requirement. Id. at 1072.

Plaintiff argues that Mediabank's principal production activity is "to sell software training and support," Pl.'s Mem. in Supp. of Mot. to Reconsider at 6, and that she did not perform functions *ancillary* to this activity, but rather performed that activity itself. She emphasizes that she performed these duties pursuant to contracts between Mediabank and its clients that included a separate fee for software training and support. We disagree with plaintiff's characterization of the facts. Mediabank's principal production activity was not selling software

training and support; it was selling software.  (Defs.' Mem. in
Supp. of Mot. for Summ. J., Ex. A, Dep. of John Bauschard, at 7
("[W]e are fundamentally in the business of creating enterprise
software.").)  Without the software, there would be nothing to
train clients to use and nothing for which to provide support.  The
training and support plaintiff provided was ancillary to the
production and sale of the software; that there may have been a
separate fee for these services does not render them Mediabank's
principal product.[1]  And like Haywood, Verkuilen represented her
employer in its relationships with customers, a function that the
Seventh Circuit found to be work ancillary to production activity
and directly related to the servicing of the business.

## 2.   Discretion and Independent Judgment

Plaintiff also contends that we erred in determining that
defendants satisfied another requirement of the "administrative
employee" test--that plaintiff's primary duty included the exercise
of discretion and independent judgment with respect to matters of
significance.  See 29 C.F.R. § 541.200(a)(3).  Plaintiff cites a
district court decision from another circuit for the proposition
that the administrative exemption is intended for employees who
"have a hand in running the business" and make "major, strategic
decisions" on its behalf.  Talbott v. Lakeview Ctr., Inc., No.

_____

[1]   Thus, we reject plaintiff's argument at pages 14 and 15 of her
memorandum that Haywood is factually distinguishable in that unlike Haywood,
plaintiff participated in the production process.

3:06cv378/MCR/MD, 2008 WL 4525012, at *6 (N.D. Fla. Sept. 30, 2008).

Respectfully, the Seventh Circuit has not adopted this formulation of the test or such a narrow view of the exemption, as is clear from Haywood. Nor has the Seventh Circuit engaged in or required a rigid analysis of the several non-exclusive factors for consideration that are listed in the relevant federal regulation. Rather, the Court has examined whether the employee's duties involved comparing and evaluating possible courses of conduct and acting or making a decision after considering the various possibilities. See, e.g., Haywood, 121 F.3d at 1073; Kennedy v. Commonwealth Edison Co., 410 F.3d 365, 374-75 (7th Cir. 2005). We looked at that issue and determined that Verkuilen's duties involved this comparison and evaluation. It is undisputed that when confronted with a client's problem in using Mediabank's software, Verkuilen determined the nature of the problem and how to handle it. It is also undisputed that she conducted training sessions and modified user manuals for clients. We are not persuaded by her argument that she is similar to computer systems support technicians, some of whom have been found not to qualify for the exemption because they simply use skills in applying a set of procedures. Verkuilen was not merely using her skill set within a rigid system. Of course, there were company policies for her to follow, but while her work was channeled by these standards, she

nonetheless possessed discretion and used independent judgment in deciding how to address clients' problems with Mediabank's software and in training users of the software.

**3.   Matters of Significance**

Even if she did exercise discretion and independent judgment, plaintiff asserts, it was not with respect to "matters of significance."  Plaintiff cites another district court decision from a different circuit, this time for the proposition that "matters of significance" include responsibilities that have a "profound" effect on an employer's business.  Alvarez v. Key Transp. Serv. Corp., 541 F. Supp. 2d 1308, 1313-14 (S.D. Fla. 2008).  But the Seventh Circuit has not required that the employee's responsibilities have a "profound" effect on the business.  We look at the level of importance of the work.  In Haywood, the Court found that the plaintiff's work in keeping customers happy and resolving their complaints was of substantial importance to the operation of the moving business.  121 F.3d at 1072.  Verkuilen served in a similar role as an account manager; she was the primary customer contact for clients.  Obviously, Mediabank's relationships with its clients are very important. Plaintiff's duty was to resolve problems the clients had in using Mediabank's software and to keep the clients happy.  We continue to have no difficulty concluding that plaintiff exercised discretion and independent judgment with respect to matters of significance.

### 4. <u>Job Description</u>

Plaintiff argues that her actual job duties must be considered, not "[d]efendants' characterization" of her duties, and notes that although we referred to her job description in our opinion, we did not appear to rely on it. Plaintiff also contends that we did not "fully account for" the discrepancies between the job description and plaintiff's testimony regarding the duties she actually performed. (Pl.'s Mem. in Supp. of Mot. to Reconsider at 11 & n.4.)

In our opinion, we quoted from Verkuilen's job description, listing several of the responsibilities. We specifically noted that plaintiff admitted that her job duties were, for the most part, consistent with the written job description. Verkuilen disputed that she had been responsible for quality control, that she had tested software applications, and that she had identified billable services and communicated that to the client. She was equivocal about whether she had identified opportunities for increased operational efficiencies. However, she conceded that she had performed the remainder of the duties listed, which included, for instance, responding to client inquiries, resolving their service issues, interpreting and resolving user questions concerning the system, creating training plans, conducting user training, writing software documentation, handling support calls and exercising independent judgment to determine an issue and

resolution, determining whether an issue was a bug, and managing the process to resolution. Thus, there was not much of discrepancy between the job description and Verkuilen's testimony: she admitted that she had performed most of the duties listed. We did not rely on defendants' characterization of plaintiff's job duties; we relied on plaintiff's admissions that she had performed most of the duties listed in the job description.

**B.** **Applicable Law**

Plaintiff asserts that we misapprehended the applicable law. She cites two Department of Labor (the "Department") opinion letters (which are attached as exhibits to her brief) that she contends are controlling precedent, with facts "directly analogous to the facts in this case." (Pl.'s Mem. in Supp. of Mot. to Reconsider at 11.) In both opinion letters, the Department addressed certain employment positions and concluded that they did not qualify for the administrative employee exemption.

We are unpersuaded, for two reasons. First, we are not bound by informal administrative opinions. "Interpretations such as those in opinion letters--like interpretations contained in policy statements, agency manuals, and enforcement guidelines, all of which lack the force of law--do not warrant Chevron [U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 104 S. Ct. 2778, 81 L. Ed. 2d 694 (1984)]-style deference." Sehie v. City of Aurora, 432 F.3d 749, 753 (7th Cir. 2005). Second, the opinion

letters are inapposite. One of them dealt with a position titled "Systems Engineer," whose primary responsibility was to identify computer solutions to fit the needs of a variety of local businesses. (There was no information in the opinion letter regarding the employee's exercise of discretion and independent judgment, and the Department's opinion was based on very limited information.) <u>See</u> U.S. Dep't of Labor Wage & Hour Div. Op. Ltr., 2001 WL 1558967 (May 11, 2001). Verkuilen did not have this responsibility in her position as account manager, and her other duties were not similar to those of the "Systems Engineer." The second opinion letter involved a position titled "Information Technology Support Specialist," whose primary duty was to install, configure, test, and troubleshoot computer applications, networks, and hardware. <u>See</u> U.S. Dep't of Labor Wage & Hour Div. Op. Ltr., No. FLSA2006-42 (Oct. 26, 2006). As we stated in our prior opinion, Verkuilen's primary duty was to act as a liaison between Mediabank and its customers to facilitate customers' use of the software. It was not to do the nitty-gritty computer installation and configuration work.

For the same reasons, plaintiff's reliance on <u>Martin v. Indiana Michigan Power Co.</u>, 381 F.3d 574 (7th Cir. 2004), is misplaced. Unlike Verkuilen, the plaintiff in that case was an "IT Support Specialist" whose primary job duties consisted of "installing and upgrading hardware and software on workstations,

configuring desktops, checking cables, replacing parts, and troubleshooting Windows problems." 381 F.3d at 580. Also unlike Verkuilen, the plaintiff was not involved in representing the company. We previously found that Verkuilen represented her employer in its relationships with customers, and this finding remains unchanged.

## CONCLUSION

Plaintiff's motion for reconsideration [56] is denied.


DATE:        July 27, 2010



ENTER:       _____

             John F. Grady, United States District Judge